# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENNIS E. WHITE,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>UNITED STATES POSTAL SERVICE, et al.,<br><br>　　　　　　　　　　Defendant. | CASE NO. 12cv1283-LAB (MDD)<br><br>**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND**<br><br>**ORDER OF DISMISSAL** |

　　　　On May 25, 2012, Plaintiff Ennis White filed his complaint, seeking damages and prospective injunctive relief against the United States Postal Service, the local postmaster, and mail carrier Anthony Dotson. White didn't pay the filing fee, but instead submitted a motion to proceed *in forma pauperis* (IFP).

　　　　The Court has reviewed White's IFP motion, finds he is without funds to pay the filing fee, and **GRANTS** him leave to proceed IFP.

　　　　A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the court to the extent it is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). The current iteration of  28 U.S.C.

1  § 1915(e)(2) mandates that the court reviewing a Complaint filed pursuant to the IFP
2  provisions of section 1915 make and rule on its own motion to dismiss before directing that
3  the Complaint be served by the U.S. Marshal pursuant to Fed. R. Civ. P. 4(c)(2). *Lopez v.*
4  *Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)("[S]ection 1915(e) not only permits but
5  requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").
6  *See also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting the "[t]he
7  language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure
8  12(b)(6)").

9  The complaint sues mail carrier Anthony Dotson in both his official and individual
10 capacity. It alleges Dotson tampered with his mail instead of properly delivering it, and that
11 Dotson attempted to run over White with a mail truck on February 18, 2012, and assaulted
12 him again on February 26, 2012.[1] Postmaster Terry is being sued in her individual and
13 official capacity for allegedly failing to investigate these incidents properly, and under a
14 *respondeat superior* theory. No allegations are made against the United States Postal
15 Service, except that White argues it is liable under a *respondeat superior* theory. An
16 attached exhibit shows White sought a restraining order against Dotson in state court,
17 apparently unsuccessfully, just before he filed this action.

18 The United States Postal Service, as an agency, has no individual capacity; only
19 Defendants Dotson and Terry can potentially act in their individual capacity. To the extent
20 any Defendant is sued in their official capacities, they are immune unless immunity has been
21 waived or otherwise properly abrogated. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir.
22 1985).
23 / / /
24

---

25 [1] Although the complaint doesn't give details of the alleged second assault, attached
26 Exhibit C suggests Dotson was heavily intoxicated on both occasions, and threatened to kill White and blow up his office. (Docket no. 1 at 20). The second incident allegedly occurred
27 while White was handing out flyers on the street. The exhibits to the complaint make clear White is alleging the dispute arose because of personal disagreements between White and
28 Dotson. Exhibit A, a letter from White, is a complaint about Dotson. It says Dotson was angry because he thought White (a paralegal) was taking too long to complete some paperwork for him.

Although the complaint says White is suing Terry in both her official and individual capacities, she is really being sued only in her official capacity. The complaint makes clear any violations consisted of failing to perform her official duties adequately, and White seeks injunctive relief requiring her to perform her official duties properly. In addition, a federal employee's supervisor alleged failure to properly supervise the worker, by itself, doesn't give rise to a claim.

The alleged incidents of assault and battery are intentional torts. As such, they are not actionable under the Federal Tort Claims Act. *See Sosa v. AlvarezMachain*, 542 U.S. 692, 700 (2004) (quoting 28 U.S.C. § 1346(b)(1)); *Wilson-Sauls v. Curtis*, 2008 WL 4837494 at *4 n. 5 (D.Or., Nov. 4, 2008) (citing *United States v. Smith*, 499 U.S. 160, 164–65 (1991) (federal employees acting in the scope of their duties are absolutely immune to claims for common-law intentional torts). White also cannot successfully sue Terry or the United States Postal Service for failing to prevent the assaults. *See United States v. Shearer*, 473 U.S. 52 (1985) ("[The FTCA] does not merely bar claims *for* assault or battery; in sweeping language it excludes any claim *arising out* of assault or battery.")

To the extent White might be able to allege a claim against Dotson for negligence (*i.e.*, for drunkenly running him down with the mail truck), or against Terry under the FTCA for failing to prevent Dotson's alleged negligence, the time frame makes clear he has not exhausted his administrative remedies. The FTCA only authorizes a suit after a claimant has exhausted all administrative remedies. *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992). Failure to exhaust before filing suit is grounds for dismissal on jurisdictional grounds. *Id*.

The allegations rule out the possibility that Dotson acted in order to deprive White of his First Amendment or other federal rights; rather, they allege Dotson was pursuing a vendetta arising from a personal dispute and fueled by alcohol. *See* Complaint, Ex. A. No other federal statute, such as 42 U.S.C. § 1983, creates a cause of action for simple assault under these circumstances. It is therefore clear Dotson, Terry, and the United States Postal Service are immune from suit stemming from the alleged assaults while Dotson was on duty.

Even assuming White might amend his complaint to argue that Dotson not acting as a federal employee at the time of the assaults, this could not save his claims. Such claims would arise under state law, and the parties are not diverse. This Court therefore would lack jurisdiction over any such claim.

White's allegations of mail tampering do not state a claim. Although mail tampering is a crime, it gives rise to no private right of action. *Neal v. U.S. Penitentiary Atwater*, 2009 WL 2852406 at *6 (E.D.Cal., Sept. 2, 2009) (allegations of mail tampering did not state cognizable claims); *Durso v. Summer Brook Preserve Homeowners Ass'n*, 641 F. Supp. 2d 1256, 1268 (M.D.Fla., 2008) (citation omitted) ("there is no private right of action under criminal statutes pertaining to mail tampering").

Because the Defendants are immune to suit for most claims, and White has failed to state a claim against them for the remaining ones, and because it is clear the complaint cannot be saved by amendment, the complaint is **DISMISSED**. Claims against Dotson based on the alleged assaults are **DISMISSED WITHOUT PREJUDICE, BUT WITHOUT LEAVE TO AMEND**, for lack of jurisdiction. All other claims are **DISMISSED WITH PREJUDICE**.

The Court certifies that an IFP appeal from this Order would also be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States,* 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

**IT IS SO ORDERED**.

DATED: August 17, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge