# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENNIS E. WHITE,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br><br>UNITED STATES POSTAL SERVICE, et al.,<br><br>　　　　　　　　　　Defendant. | CASE NO. 12cv1283-LAB (MDD)<br><br>**AMENDED ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND**<br><br>**AMENDED ORDER OF DISMISSAL** |

This order amends the Court's order of August 20, 2012, in order to add analysis under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Clerk is directed to replace that order with this one.

On May 25, 2012, Plaintiff Ennis White filed his complaint, seeking damages and prospective injunctive relief against the United States Postal Service, the local postmaster, and mail carrier Anthony Dotson. White didn't pay the filing fee, but instead submitted a motion to proceed *in forma pauperis* (IFP).

The Court has reviewed White's IFP motion, finds he is without funds to pay the filing fee, and **GRANTS** him leave to proceed IFP.

A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the court to the extent it is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking

monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). The current iteration of 28 U.S.C. § 1915(e)(2) mandates that the court reviewing a Complaint filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing that the Complaint be served by the U.S. Marshal pursuant to Fed. R. Civ. P. 4(c)(2). *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim"). *See also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting the "[t]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

The complaint sues mail carrier Anthony Dotson in both his official and individual capacity. It alleges Dotson tampered with his mail instead of properly delivering it, and that Dotson attempted to run over White with a mail truck on February 18, 2012, and assaulted him again on February 26, 2012.[1] Postmaster Terry is being sued in her individual and official capacity for allegedly failing to investigate these incidents properly, and under a *respondeat superior* theory. No allegations are made against the United States Postal Service, except that White argues it is liable under a *respondeat superior* theory. An attached exhibit shows White sought a restraining order against Dotson in state court, apparently unsuccessfully, just before he filed this action.

The United States Postal Service, as an agency, has no individual capacity; only Defendants Dotson and Terry can potentially act in their individual capacity. To the extent any Defendant is sued in their official capacities, they are immune unless immunity has been

---

[1] Although the complaint doesn't give details of the alleged second assault, attached Exhibit C suggests Dotson was heavily intoxicated on both occasions, and threatened to kill White and blow up his office. (Docket no. 1 at 20). The second incident allegedly occurred while White was handing out flyers on the street. The exhibits to the complaint make clear White is alleging the dispute arose because of personal disagreements between White and Dotson. Exhibit A, a letter from White, is a complaint about Dotson. It says Dotson was angry because he thought White (a paralegal) was taking too long to complete some paperwork for him.

waived or otherwise properly abrogated. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).

Although the complaint says White is suing Terry in both her official and individual capacities, she is really being sued only in her official capacity. The complaint makes clear any violations consisted of failing to perform her official duties adequately, and White seeks injunctive relief requiring her to perform her official duties properly. In addition, a federal employee's supervisor alleged failure to properly supervise the worker, by itself, doesn't give rise to a claim.

White's allegations of mail tampering do not state a claim. Although mail tampering is a crime, it gives rise to no private right of action. *Neal v. U.S. Penitentiary Atwater*, 2009 WL 2852406 at *6 (E.D.Cal., Sept. 2, 2009) (allegations of mail tampering did not state cognizable claims); *Durso v. Summer Brook Preserve Homeowners Ass'n*, 641 F. Supp. 2d 1256, 1268 (M.D.Fla., 2008) (citation omitted) ("there is no private right of action under criminal statutes pertaining to mail tampering").

The alleged incidents of assault and battery are intentional torts. As such, they are not actionable under the Federal Tort Claims Act. *See Sosa v. AlvarezMachain*, 542 U.S. 692, 700 (2004) (quoting 28 U.S.C. § 1346(b)(1)); *Wilson-Sauls v. Curtis*, 2008 WL 4837494 at *4 n. 5 (D.Or., Nov. 4, 2008) (citing *United States v. Smith*, 499 U.S. 160, 164–65 (1991) (federal employees acting in the scope of their duties are absolutely immune to claims for common-law intentional torts). White also cannot successfully sue Terry or the United States Postal Service for failing to prevent the assaults. *See United States v. Shearer*, 473 U.S. 52 (1985) ("[The FTCA] does not merely bar claims *for* assault or battery; in sweeping language it excludes any claim *arising out* of assault or battery.")

To the extent White might be able to allege a claim against Dotson for negligence (*i.e.*, for drunkenly running him down with the mail truck), or against Terry under the FTCA for failing to prevent Dotson's alleged negligence, the time frame makes clear he has not exhausted his administrative remedies. The FTCA only authorizes a suit after a claimant has exhausted all administrative remedies. *Jerves v. United States*, 966 F.2d 517, 519 (9th

Cir. 1992). Failure to exhaust before filing suit is grounds for dismissal on jurisdictional grounds. *Id*.

As an alternative to an FTCA action, a plaintiff may bring a claim under *Bivens*, 403 U.S. 388. *Carlson v. Green*, 446 U.S. 14, 20 (1980). *Bivens*, however, does not authorize actions against the United States or its agencies, *FDIC v. Meyer*, 510 U.S. 471, 485–86 (1994), or under a *respondeat superior* theory. *Terrel v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991). The only claim White could bring under *Bivens* would be against Dotson for Dotson's own actions. There are two problems with such a theory, however.

First, *Bivens* actions may only be brought against officials acting under color of federal law. *See Boney v. Valline*, 597 F. Supp. 2d 1167, 1174–75 (D.Nev. 2009) (defendants not acting under color of federal law could not be sued under *Bivens* theory). Here, it is doubtful Dotson was acting under color of federal law, because the dispute was personal in nature *See Gritchen v. Collier*, 254 F.3d 807, 812–13 and n.6 (9th Cir. 2001) (holding that not everything government officers do is done under color of law, and citing examples of activity undertaken while on duty but for purely personal reasons that was not done under color of law).The only alleged connection with Dotson's official duties was that he used federal property (a mail truck) to commit one assault. Although not specifically alleged, it is possible White might be able to allege that Dotson committed both assaults while on duty. But neither of these would mean Dotson was acting under color of federal law at the time. *See People of State of Calif. v. Mesa*, 813 F.2d 960, 965–67 (9th Cir. 1987) (postal workers accused of causing injuries while on duty and driving mail trucks were not acting under color of their federal authority, where violations were unconnected with their official duties).

Second, under *Bivens*, relief is available only to redress constitutional violations, not for all types of complaints a plaintiff might wish to raise. *F.E. Trotter, Inc. v. Watkins*, 869 F.2d 1312, 1314 (9th Cir. 1989). Failure to deliver mail is not a constitutional violation, and the United States is sovereignly immune for such claims. *See Anderson v. U.S. Postal Serv.*, 761 F.2d 528 (9th Cir. 1985) (dismissing claim for failure to deliver mail). Battery by a federal officer can, in some circumstances, be a constitutional violation. But here, White merely

1  alleges Dotson tried to hit him with a mail truck and threatened to kill him and blow up his
2  office. Neither of these were done in the course of a search or seizure, nor was White in
3  custody or being punished for a crime at the time. The only type of constitutional violation
4  White could raise would be violation of his due process rights, for the threats and attempted
5  attack.

6  While physical attacks can under some circumstances amount to due process
7  violations, *see Shah v. County of Los Angeles*, 797 F.2d 743, 746 (9th Cir. 1986), mere
8  threats or attempted attacks do not. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th
9  Cir.1987) (verbal harassment by public officer was not a constitutional violation); *Jermosen
10 v. Coughlin*, 878 F. Supp. 444, 449 (N.D.N.Y. 1995) (collecting cases for the principle that
11 mere verbal threats are insufficient to state a claim for a constitutional violation). Even a
12 successful battery would not amount to a violation of substantive due process unless
13 sufficiently egregious. *See Edwards v. County Bd. of Educ. of Richmond County*, 2007 WL
14 2345239 at *14–15 (S.D.Ga., Aug. 15, 2007) (surveying and collecting cases for the principle
15 that even a government actor's intentional injury of a plaintiff does not violate substantive
16 due process unless it "shocks the conscience). The fact that actions may be bad or
17 unacceptable does not by itself make them unconstitutional. *See County of Sacramento v.
18 Lewis*, 523 U.S. 833, 854 and n.14 (1998) (noting that authorities may be civilly liable under
19 state law even where their actions do not violate constitutional rights); *Collins v. City of
20 Harker Heights*, 503 U.S. 115, 128 (1992) ("[W]e have previously rejected claims that the
21 Due Process Clause should be interpreted to impose federal duties that are analogous to
22 those traditionally imposed by state tort law . . . .")

23 The allegations rule out the possibility that Dotson acted in order to deprive White of
24 his First Amendment or other federal rights; rather, they allege Dotson was pursuing a
25 vendetta arising from a personal dispute and fueled by alcohol. *See* Complaint, Ex. A. No
26 other federal statute or law creates a cause of action for simple assault under these
27 circumstances. It is therefore clear that White cannot state a claim against Dotson, Terry,
28 and the United States Postal Service.

It is possible White might amend his complaint to bring an ordinary tort claim (arguing that Dotson was not acting as a federal employee at the time of the two alleged assaults). But this could not save his claims, because such claims would arise under state law, and the parties are not diverse. This Court therefore would lack jurisdiction over any such claim.

Because the Defendants are immune to suit for most claims, and White has failed to state a claim against them for the remaining ones, and because it is clear the complaint cannot be saved by amendment, the complaint is **DISMISSED**. Claims against Dotson based on the alleged assaults are **DISMISSED WITHOUT PREJUDICE, BUT WITHOUT LEAVE TO AMEND**, for lack of jurisdiction. All other claims are **DISMISSED WITH PREJUDICE**.

The Court certifies that an IFP appeal from this Order would also be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States,* 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

**IT IS SO ORDERED**.

DATED: August 27, 2012

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge